### BONNER v. FIRST NAT. BANK OF ATHENS.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1918.)

No. 3051.

1. BANKRUPTCY ⊚⟷161(1)—PREFERENCES—WHAT CONSTITUTES.

A mortgage executed by the bankrupt more than four months before the petition was filed, which under the state law was valid against creditors other than lien creditors, is not, though recorded within the four-month period, open to attack under Bankruptcy Act July 1, 1898, c. 541, § 60, 30 Stat. 562, as amended by Act June 25, 1910, c. 412, § 11, 36 Stat. 842 (Comp. St. 1916, § 9644), relating to preferential transfers.

2. BANKRUPTCY ⊚⟷184(2)—TRANSFERS—ATTACK BY TRUSTEE.

A mortgage given by a bankrupt more than four months before the filing of the petition, which under the state law was valid against creditors other than those having a lien, is not, though recorded within the four-month period, subject to attack by the trustee, who, under Bankruptcy

⊚⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Act July 1, 1898, c. 541, § 47a, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (Comp. St. 1916, § 9631), takes the status of a lien creditor as of the time petition was filed; the mortgage having been recorded before the rights of any lien creditors attached.

In Error to the District Court of the United States for the Eastern District of Texas; Gordon Russell, Judge.

Action by Thomas D. Bonner, trustee in bankruptcy, against the First National Bank of Athens. There was a judgment for defendant, and plaintiff brings error. Affirmed.

Francis Marion Etheridge, Joseph Manson McCormick, and Henri Louie Bromberg, all of Dallas, Tex., for plaintiff in error.

H. B. Marsh and H. E. Lasseter, both of Tyler, Tex., and A. B. Watkins, of Athens, Tex. (R. W. Simpson, N. A. Gentry, and A. G. McIlwaine, all of Tyler, Tex., on the brief), for defendant in error.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge. [1, 2] By the judgment presented for review the asserted right of a trustee in bankruptcy to recover property transferred by the bankrupt by a mortgage executed more than four months before the petition in bankruptcy was filed, but recorded within that time, was denied. The averments of the petition did not show that the mortgage was invalid under the law of Texas, in which state it was made. Under the law of that state it was not necessary to record the mortgage to make it valid against creditors other than lien creditors. Meyer Bros. Drug Co. v. Pipkin Drug Co., 136 Fed. 396, 69 C. C. A. 240. It has been settled by authoritative rulings that under section 47a of the Bankruptcy Act, as amended in 1910 (36 Stat. 838, 840), the trustee in bankruptcy takes the status of a lien creditor as of the time the petition in bankruptcy is filed, and that under section 60 of that act, as the same has been amended, such a mortgage as the one in question in this case does not constitute a voidable preference. Martin v. Commercial National Bank, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. ——, January 14, 1918; Carey v. Donohue, 240 U. S. 430; Martin v. Commercial National Bank, 228 Fed. 651, 143 C. C. A. 173. The mortgage was recorded before the right as a lien creditor of any one other than the mortgagee attached, and is not subordinated to the subsequently attaching right of the trustee.

The judgment under review is supported by the rulings mentioned. It is affirmed.