## PETER SCHUTTLER CO. *v.* GUNTHER.

1. SALES—CONTRACTS—MICHIGAN CONTRACT.

> Where wagons were sold by a Chicago firm and were sent to remain in this State in the conduct of business here, the agreement is governed in all courts as to its construction by the law of this State.

2. CHATTEL MORTGAGES—SALES CONTRACT — RESERVING TITLE AS SECURITY.

> Where a sales contract reserved title to the goods in the

As to when local law deemed to require registering or recording of a transfer within § 60*a* of the bankruptcy law, see notes in 5 L. R. A. (N. S.) 148; 18 L. R. A. (N. S.) 1233.

For authorities discussing the question as to what amounts to a conditional sale, see note in 17 A. L. R. 1421.

seller, and also gave the inconsistent right to require payment or settlement in full at any time, there was an absolute sale with reservation of a lien by way of security.

3. SAME—MORTGAGEE MAY BRING REPLEVIN.
Where a sales contract reserved title by way of security, the seller may bring replevin.

4. SAME—FILING WITH TOWNSHIP CLERK AND REGISTER OF DEEDS.
A sales contract reserving title by way of security operated as a chattel mortgage and where the goods sold thereunder were for resale the contract or a copy thereof should have been filed with both the township clerk and the register of deeds, as required by 3 Comp. Laws 1915, § 11988.

5. SAME—FAILURE TO FILE RENDERS VOID AS TO SUBSEQUENT GOOD FAITH PURCHASERS.
Failure to file a chattel mortgage covering goods sold for resale with the register of deeds, as required by 3 Comp. Laws 1915, § 11988, rendered it void during the interval between the purchase and replevin by the seller as against creditors of the mortgagor and as against subsequent purchasers or mortgagees in good faith.

6. BANKRUPTCY—RIGHT OF CHATTEL MORTGAGEE TO POSSESSION.
Where a chattel mortgage valid as between mortgagor and mortgagee was made in good faith and for a consideration and prior to the four months' period prescribed by the national bankruptcy act (U. S. Comp. Stat. § 9644), the seller's taking possession of the goods within such period was not a voidable preference or transfer within the meaning of the act.

7. CHATTEL MORTGAGES—RIGHTS OF CREDITORS OF BANKRUPT.
Although creditors have a right to proceed to reach property covered by a chattel mortgage void because unfiled, they are given no lien under the statute which is prior to the lien of the mortgage, and where no action is taken before bankruptcy the right is lost.

8. BANKRUPTCY — RIGHT OF TRUSTEE TO MORTGAGED GOODS REPLEVIED BEFORE BANKRUPTCY.
Under the bankruptcy act, the trustee became vested with the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings as to all

property in the custody or coming into the custody of the bankruptcy court as of the date of the filing of the petition in bankruptcy, but as to goods replevied from the bankrupt by the seller before that date he acquired. no rights, the title being in the custody of the law until the final determination of the replevin cause in the State courts; the replevin suit not having been abated by the bankruptcy.

Error to Montcalm; Brown (Clarence M.), J., presiding. Submitted January 10, 1923. (Docket No. 73.) Decided March 23, 1923.

Replevin by the Peter Schuttler Company against Frank Gunther, trustee in bankruptcy of Fred Gunther, Sr., for the possession of certain wagons. Judgment for defendant. Plaintiff brings error. Reversed.

*Frank A. Miller* (*Clair E. More*, of counsel), for appellant.

*Charles W. Nichols*, for appellee.

*Doyle & Barstow* and *Sawyer & Sawyer*, amicus curiæ.

CLARK, J. On December 16, 1920, Fred Gunther, Sr., ordered, and in due course received, farm wagons from plaintiff. Important parts of the order, of conditions printed on back thereof, and of the invoice are

ORDER.

PETER SCHUTTLER COMPANY,
   Chicago, Ill.     Dated at Carson City, Mich.
              Dec. 16, 1920.

Please ship to the undersigned, as your agent, at Carson City, Mich., on or about at once or before Feb. 1st, 1921, or as soon thereafter as possible (or earlier at your option) to Carson City, Mich., the following described goods on the terms and conditions on back hereof, to which reference is hereby made, and for which you are to receive the net prices named below,

printed in the margin.   Notes were taken as indicated in the order and the invoice.   The agreement was filed in the office of the township clerk on June 6, 1921.   It was not filed elsewhere.   On June 14, 1921, after demand, plaintiff brought replevin for four of such wagons.   They were taken on the writ and delivered to plaintiff by the officer.   On June 22, 1921, an involuntary petition in bankruptcy was filed against Fred Gunther, Sr., in the district court of the United States for the western district of Michigan and' he was adjudged a bankrupt.   He filed a plea in the case at bar.   Later Frank Gunther, the trustee in bankruptcy, was substituted as defendant in the case. The cause was tried without a jury.   There were findings and exceptions.   Defendant had judgment. Plaintiff brings error.

1. The wagons were sent to remain in this State in the conduct of business here.   Hence the agreement is governed in all courts as to its construction by the law of this State.   *In re American Steel Supply Syn.*, 256 Fed. 876; *In re Huxoll*, 113 C. C. A. 637, 193 Fed. 851.

2. The usual inconsistency of these so-called sale agreements is an attempted reservation of title in the vendor with a present right to recover the debt without passing title.   This inconsistency is here.   The

f. o. b. factory, Chicago, Ill., for which the undersigned agrees to hold, sell and dispose of as your agent subject to your right to demand settlement as per the terms specified on back hereof, payable at Chicago, Ill., with exchange and collection charges and interest at 7 per cent. per annum after due days from

...............................................................
(Detailed description of 6 wagons)

TERMS:—Said goods to be sold or settled for in cash or note as demanded by PETER SCHUTTLER COMPANY, as follows:

2—4—6—Months from July 1st, 1921, or 5 per cent. Dis. for cash 30 days.

(Signed by parties)

222—Mich.—28.

agreement purports to reserve title in the plaintiff, vendor, and to give also the inconsistent right to require payment or settlement in full in cash or by note at any time. The rule, now well established, in such cases is that there is an absolute sale with reservation of a lien by way of security. See *Atkinson* v. *Japink*, 186 Mich. 335; *Young* v. *Phillips*, 203 Mich. 566; *The Phillips-Michigan Co.* v. *Field Body Corp.*, 221 Mich. 17; *Heyman Co.* v. *Buck*, 221 Mich. 225. And a consideration of the entire agreement with the invoice and the facts leads to the same conclusion. See *Luce* v. *Stott Realty Co.*, 201 Mich. 587; *National Cash Register Co.* v. *Paul*, 213 Mich. 609 (17 A. L. R. 1416). And the language and tenor of the writings as a whole and the facts are so utterly at variance with the further inconsistent claim of agency that we decline to discuss the question.

3. The plaintiff may bring replevin. *Atkinson* v. *Japink, supra.*

4. The agreement in this case being for security and intended to operate as a mortgage is governed as to filing by section 11988, 3 Comp. Laws 1915; *Young* v. *Phillips, supra.* And as the property was purchased for resale at retail filing of the mortgage,

CONDITIONS.

THE PARTY ORDERING AGREES:

1. To receive, hold, sell and dispose of all property named in this order as the sole property of Peter Schuttler Company, of Chicago, Illinois. If so demanded by said Peter Schuttler Company, to settle by note or cash on receipt of invoice, or at any time thereafter for all goods shipped on this contract as per terms named herein.

2. To pay all freight, drayage, and charges from point of shipping or from factory.

3. From the time said goods are delivered to the transportation company and receipted for in good order, the consignee herein shall look to said transportation company for all losses occasioned by damage in transit or failure to deliver any such goods.

or a true copy thereof, with both the township clerk and the register of deeds was required. Section 11988, *supra*. The failure to file with the register of deeds rendered the mortgage absolutely void, during the interval between the purchase and the replevin, as against creditors of the mortgagor and as against subsequent purchasers or mortgagees in good faith. Section 11988, *supra*.

The creditors as to whom the mortgage was void were those, if any, who became such between the time of purchasing the wagons and the taking on the writ of replevin. See *Baker* v. *Parkhurst*, 119 Mich. 542; *In re American Steel Supply Syn, supra*. But there is no proof that the bankrupt had creditors who became such to any amount during such interval. Except for plaintiff's claim and the bare fact of bankruptcy, there is no proof on the subject. But as the case must go back for a new trial we will assume that there were such creditors and dispose of the question.

5. There remains the question of the right of the trustee in bankruptcy to challenge plaintiff's right to possession of the wagons. The mortgage was valid between the mortgagor and the mortgagee. It was made in good faith and for a consideration and prior

---

5. It is agreed that the title to, and ownership of, and right to exclusive and immediate possession, upon demand either oral or written to all goods which may be shipped as herein provided, or during the current season shall remain in Peter Schuttler Company, of Chicago, Ill., and subject to their order until full payment shall have been made for the same by the undersigned in money. It is further agreed that the proceeds of all sales of such goods under this contract, or any other or subsequent order given to said Peter Schuttler Company (and each and all of which orders shall be subject to all the terms and provisions hereof), whether cash, notes, book accounts, or any other property, are to be held in trust for and subject to the order of Peter Schuttler Company until received by said company and until it has been paid in full for all of such goods.

to the four months' period prescribed by the national bankruptcy act (36 U. S. Stat. p. 842 [9 U. S. Comp. Stat. § 9644]).   Plaintiff's taking possession of the wagons within such period is not a voidable preference or transfer within the meaning of the act. See *Kettenbach* v. *Walker,* 32 Idaho, 544 (186 Pac. 912), and cases there cited.

There is no proof of the fastening of any other lien on the wagons during the time the mortgage was unfiled.   The creditors as to whom this mortgage was void, because unfiled, are given no lien under the statutes of this State which is prior to the lien of the mortgage.   They had the right to proceed to reach the property or its avails (*Baker* v. *Parkhurst, supra,* and cases cited), but if such proceeding is not taken before the bankruptcy the right is lost.   No such proceeding was taken.

Whether such creditors have a lien under our statutes or under the bankruptcy act as it existed in February, 1903, was fully considered in *Detroit Trust Co.* v. *Pontiac Savings Bank,* 237 U. S. 186 (35 Sup. Ct. 509), an appeal from the United States circuit court of appeals, sixth circuit, in which the opinion of the

All notes, book accounts, or other obligations taken for any of said goods shall be endorsed and payment thereof, in full, guaranteed by consignee within such time as said Peter Schuttler Company may demand, and said Peter Schuttler Company shall have the right to demand payment in full for all of such goods, wares, and merchandise at any time after shipment thereof.   Giving notes or other settlement for such goods shall not divest the title of said Peter Schuttler Company until the full invoice price thereof has actually been paid in cash.

6. It is understood and agreed that the prices named herein are the net prices to be received by the Peter Schuttler Company, the consignee to receive the amounts above such prices for which said goods are sold to cover his profit, freight, drayage, storage, insurance, taxes and other charges, but consignee shall not be entitled to any such profits until the Peter

lower court (115 C. C. A. 663, 196 Fed. 29) was approved.

We quote:

"The circuit court of appeals declared: 'It is settled by the decisions of the Supreme Court of Michigan that the words "creditors of the mortgagor" mean subsequent creditors in good faith and without notice of the mortgage, and that the statutory invalidity of an unfiled chattel mortgage extends to all creditors who became such after the giving and before the filing of the mortgage. Recovery can be had here on but one of two theories: *First,* that the bankruptcy act creates a lien in favor of the creditors under which the rights given by the Michigan statute can be enforced; or, *second,* that the Michigan statute creates such a lien. The bankruptcy act does not operate as an attachment of the bankrupt's property, nor itself create a lien in favor of creditors of the class before us. *York Manfg. Co.* v. *Cassell,* 201 U. S. 344 (26 Sup. Ct. 481) ; *Crucible Steel Co.* v. *Holt,* 98 C. C. A. 101, 174 Fed. 127, affirmed by the Supreme Court, April 1, 1912, 224 U. S. 262 (32 Sup. Ct. 414). The controlling question, therefore, is whether the rights given by the Michigan statute to the class of creditors named amount to an actually established lien, or, on the other hand, to a mere right to create a lien.   *   *   *   Since the decision below, the case of *In re Huxoll,* 113 C. C. A. 637, 193 Fed. 851, has been decided by this court.   We there carefully reviewed

Schuttler Company has been paid in full for all of said goods.

8. No agreements, conditions, or stipulations, verbal or otherwise, save those mentioned in this contract will be claimed. No claim for damages for delay in shipment of goods herein ordered, or any other cause, excepting for shortage, will be made, unless notice is given immediately on receipt of invoice, and all other claims, except for repairs under warranty, will be made within five days of receipt of goods. No claims for breakages will be made unless for manifest defects in material, all defective parts to be held subject to the order of Peter Schuttler Company, of Chicago, Ill., who shall have the option of either substituting the broken parts free in Chicago, Ill., or paying an amount not exceeding the net price of such part per their list and discount.

9. To keep insured at his expense, for the benefit of Peter

and considered the Michigan decisions, and reached the conclusion that the Michigan statute does not of itself create a lien upon the mortgaged property prior to the lien of the mortgage, but gives merely a right to a lien, requiring a proceeding of some kind for its fastening. We there held that the right to lien was lost if such proceeding was not taken before bankruptcy.'"

See, also, *In re Huxoll, supra.*

We conclude that up to the time of the filing of the petition in bankruptcy there was no lien upon this property by law or by act of creditors which the trustee might enforce for the benefit of creditors.

But our attention is called by counsel to amendments of the bankruptcy act, 36 U. S. Stat. p. 840 (9 U. S. Comp. Stat. § 9631 [47a2]) :

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

The trustee upon his appointment acquired title, rights and powers fixed as of the date of the filing of

Schuttler Company, all goods received on consignment, or otherwise, for account of Peter Schuttler Company, and pay all State, county and municipal taxes assessed thereon.

10. If, in case of fire, strikes, lockouts, or other unavoidable cause, Peter Schuttler Company are delayed or prevented entirely from filling this order, they shall not be held for damages. All not due obligations arising from this contract or on account of goods sold and disposed of shall become immediately due and payable in the event the consignee herein suspends payment, becomes insolvent, makes an assignment, removes to another place, has a loss by fire, executes a chattel mortgage or other lien upon his property, or closes out his business, or in case of the death of any member of the consignee firm.

the petition in bankruptcy. See *Baker* v. *Bailey Ice Machine Co.*, 239 U. S. 268 (36 Sup. Ct. 50).

The trustee became vested on June 22, 1921, and not before, with the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings as to all property in the custody or coming into the custody of the bankruptcy court. But plaintiff had possession of these wagons in its replevin proceeding before that day, and the title was in the custody of the law until final determination of the cause in the courts of the State. Section 13087, 3 Comp. Laws 1915; *Mannausau* v. *Wallace*, 87 Mich. 543; 34 Cyc. p. 1458. The wagons were not therefore property in the custody or coming into the custody of the bankruptcy court.

But counsel urge that as to property not in custody of the bankruptcy court the trustee has the rights of a judgment creditor holding an execution duly returned unsatisfied, and they further insist that we define those rights. But we need not. The right of possession of the wagons is to be determined in this cause, not in some other proceeding. The replevin suit was not abated by the bankruptcy. The State court retained jurisdiction. 2 Remington on Bankruptcy, p. 1476; *In re L. Rudnick & Co.*, 88 C. C. A. 85, 160 Fed. 903.

It may be that congress might provide for abating a replevin suit such as this. But it has not done it. If, as contended by defendant (no creditor having

---

INVOICE.

PETER SCHUTTLER COMPANY

Manufacturers of

The Old Reliable Peter Schuttler Wagon.

Sold to                                    Chicago, 12-22-20.

  Mr. FRED GUNTHER, SR.,

    Carson City, Michigan.

Terms: 7—1—21 dating. 2—4—6 mos. notes, or 5% for cash in 30 days, 7% interest after maturity.

fastened a lien on the property), he has acquired, subsequent to this suit, by his appointment as trustee, a lien or right of possession paramount to the claim of plaintiff, then he has accomplished in effect what the bankruptcy act does not provide, an abatement of the replevin suit.

We quote from 2 Remington on Bankruptcy, pp. 1077, 1125:

"But, if possession is taken by the mortgagee or conditional vendor before the bankruptcy petition is filed, such taking of possession operates as a filing and the lien will be good although bankruptcy follows within four months. * * *

"It must not be forgotten, however, that the trustee gets the rights of a levying creditor only as to property in the custody, or coming into the custody, of the bankruptcy court. As to other property he does not have the rights of a levying creditor." * * *

And from *Jones* v. *Bank of Excelsior Springs*, 201 Mo. App. 545 (213 S. W. 892):

"As to the second question, it appears to have been determined that, under the Federal statute, the trustee only begins to occupy the status of a lien creditor, or judgment creditor with execution unsatisfied, as of the date the bankruptcy proceedings were begun. *Bailey* v. *Baker Ice Machine Co.*, 239 U. S. 268, 275, 276 (36 Sup. Ct. 50); *Martin* v. *Commercial National Bank*, 245 U. S. 513, 517 (38 Sup. Ct. 176). In the latter case it is said (245 U. S. 519, 38 Sup. Ct. 178) that before 'he may avoid a transfer because of the (bankruptcy) provision in question he must in fact represent or be entitled to take the place of some

COPY.
Payable in Chicago or Par Exchange.
6—Farm Wagons .....................................$707.64
GUARANTEED PRICES.
Attach to Contract.
The prices on goods shipped on this order are guaranteed to October 1, 1921, against any general decline in Peter Schuttler Company prices on similar goods.

creditor whose claim actually stood in a superior position to the challenged transfer,' before possession and while unrecorded and within the specified period.

"In the present case we have seen that bankruptcy proceedings were begun on July 14, 1915, and at that time the mortgagee had been in possession of the merchandise for nearly three weeks, no creditor (judgment creditor, or other kind) having placed a lien thereon before he took possession, and the trustee not bringing this action for near a year thereafter. The mortgagee's claim was therefore superior to the claims of judgment and other creditors; and, as the trustee's claim is measured by that of the creditors whom he represented, it follows that he has no claim as against the mortgagee. This is the view taken in *Bonner* v. *First National Bank,* 160 C. C. A. 592, 248 Fed. 692, and *In re Capital City Cap Co.,* 251 Fed. 664—decisions construing and based upon *Bailey* v. *Baker Ice Machine Co.* and *Martin* v. *Commercial National Bank, supra.*"

And from *In re Rosenbloom,* 280 Fed. 139:

"In view of the considerations hereinafter pointed out, it becomes unnecessary to determine whether the agreement involved was one of absolute sale with an attempted retention of title, operating as a chattel mortgage lien, in the petitioner, a contract of conditional sale, with title remaining in the petitioner until resale by the bankrupt, or an arrangement of pure agency. As this agreement, valid between the parties thereto and based upon a present consideration, was mutually settled and rescinded by such parties before the filing of the petition in bankruptcy, that settlement, by which the petitioner received and accepted his own property, was also for a present consideration. The trustee, although now having the status of a creditor, armed with the rights conferred upon him by section 47 (a2) of the bankruptcy act (9 U. S. Comp. Stat. § 9631), did not acquire such status until the filing of said bankruptcy petition, and only as of that time. *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268 (36 Sup. Ct. 50). The effect of the settlement mentioned was to release both the petitioner and the bankrupt from their respective obligations

under such agreement, and to restore them to the positions occupied by them before the making thereof."

See, also, *In re P. J. Sullivan Co.*, 247 Fed. 139; *Anderson* v. *Chenault*, 125 C. C. A. 616, 208 Fed. 400; *Fairbanks Steam Shovel Co.* v. *Wills*, 240 U. S. 642 (36 Sup. Ct. 466); *In re Johnson*, 282 Fed. 273; Collier on Bankruptcy (12th Ed.), p. 732; 7 C. J. p. 179.

In the rights, powers and remedies vesting in the trustee by his appointment we find no defense to this action. As between plaintiff and its mortgagor it was entitled to possession of the wagons. It is not urged that the trustee has any thought of paying the debt to plaintiff and thus to attempt to have the property, so that question will not be considered. Plaintiff should have had judgment.

Judgment reversed, with costs to plaintiff. New trial granted.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.