BLAKELY v. HUTCHINGS.

CHATTEL     MORTGAGES — CONVERSION — BAILMENTS — INSECURITY
CLAUSE—SELLER LIABLE WHERE POSSESSION RETAKEN BEFORE DE-
FAULT.

> Where the seller of an automobile on a conditional sales
> contract retook possession thereof before there was any
> default in payment and resold it, a judgment in favor of
> the buyer, in an action for conversion, for the difference
> between the amount owing plus cost of repairs, etc., and
> the amount he sold it for was right, notwithstanding the
> seller may have been justified, by reason of the impend-
> ing bankruptcy of the buyer, in retaking possession under
> the insecurity clause of the contract.[1]

Error to Kent; Dunham (Major L.), J.     Submitted
October 23, 1924.     (Docket No. 130.)     Decided April
3, 1925.

Case by Frank V. Blakely, trustee in bankruptcy of
the Mid-West Company, against Paul M. Hutchings
for the conversion of an automobile.     Judgment for
plaintiff.     Defendant brings error.     Affirmed.

*Howard A. Ellis* and *Laurence W. Smith*, for appel-
lant.

*Taggart & Kingston*, for appellee.

SHARPE, J.     On December 29, 1921, the Mid-West
Company entered into a contract with the defendant
for the purchase of a Hudson Touring Limousine at
an agreed upon price of $3,277.57.     Of this amount,
$750 was paid in cash.     Twelve promissory notes
were given for the balance, payable monthly.     The
first nine notes were paid.     On October 14, 1922, 15

---

[1]Chattel Mortgages, 11 C. J. § 253.

days before the tenth note became due, the defendant took possession of the car and, after making repairs on it, sold it on October 28th to one Webber for $1,500. The balance due defendant on the notes amounted to $637.57; the amount paid for repairs and commissions on sale, $241.40, in all $878.97.    Soon after the defendant took possession of the car, the Mid-West Company was declared a bankrupt, and the plaintiff was appointed trustee.    He brought this suit against defendant to recover the interest of the bankrupt in the car on the ground of conversion.    It was stipulated that, if plaintiff was entitled to recover, his damages would be the difference between the amounts stated above, and for this sum he recovered judgment.

The case was tried by the court without a jury. Among the provisions in the contract was one permitting the vendor to retake possession of the property at any time that he might consider himself insecure. There was also a provision that the vendor, "in case of default or breach and the retaking of said car" by him, should retain all sums paid "as stipulated damages for the non-performance of this contract."

Defendant claims that the contract was one of conditional sale, while plaintiff insists that it was in legal effect a chattel mortgage.    The trial court found it unnecessary to determine this question because—

"assuming the instrument to be a conditional sale agreement as claimed by defendant the evidence shows no breach of such agreement on the part of the Mid-West Company.    The taking of possession by the defendant under the insecurity clause of the instrument terminated the bailment but did not give the defendant the right to dispose of the limousine without accounting to plaintiff for payments theretofore received on it."

We think the court was clearly right in this conclusion.    There was no default in payment on the part of the purchaser.    Neither was there any breach

of any undertaking on its part.    While the defendant may have been justified in retaking possession under the terms of the contract entitling him to do so in case he felt himself insecure, he could not, by doing so, terminate the right of the purchaser to make the payments yet to become due when they should accrue.    The plaintiff, on his appointment as trustee in bankruptcy, acquired all the rights of the purchaser. He is not here seeking to enforce a lien, but to recover assets belonging to the bankrupt unlawfully withheld by the defendant.    The holding in *Peter Schuttler Co.* v. *Gunther*, 222 Mich. 430, relied on by defendant, has, we think, no application to the facts here presented.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.