BOWDISH *v.* INTERNATIONAL HARVESTER CO.
OF AMERICA.

1. BANKRUPTCY—ASSIGNEE OF NOTES LIABLE ONLY FOR MONEYS ACTUALLY COLLECTED.

In an action by the trustee in bankruptcy of a dealer in machinery to recover the value of goods, chattels, moneys, and credits assigned to the seller of the machinery, the defendant was not chargeable with the face value of the

—————————————————————————————

[1]Bankruptcy, 7 C. J. § 445.

uncollected notes; recovery being limited to the moneys actually received thereon in excess of the amount due to it.

2. SAME — CHATTEL MORTGAGES — DELAY IN FILING — CREDITORS GIVEN NO LIEN SUPERIOR TO THAT OF MORTGAGEE IN UNRECORDED MORTGAGE.

Where a dealer who bought machinery secured by chattel mortgage executed a bill of sale of same to the seller and delivered possession before the dealer was adjudged a bankrupt, the trustee in bankruptcy was not entitled to recover the amount of credit extended to the dealer between the date of the execution of the mortgage and its filing, since it was good as between the parties thereto, and the creditors, who had taken no action, have no lien which is prior to that of the mortgagee.

3. SAME—INSOLVENCY—QUESTION FOR JURY.

Whether a dealer in machinery, who executed a bill of sale thereof and delivered possession to the seller two months before he was adjudged a bankrupt, was insolvent at that time, to the knowledge of the seller or its agent, *held*, properly submitted to the jury.

Error to Menominee; Flannigan (Richard C.), J. Submitted June 7, 1927. (Docket No. 13.) Decided October 3, 1927.

Assumpsit by Herbert A. Bowdish, trustee in bankruptcy of Peter L'Hote, against the International Harvester Company of America for the value of goods, chattels, money and credits transferred to defendant in fraud of creditors. Judgment for plaintiff for less than amount claimed. Plaintiff brings error. Affirmed.

*Sawyer & Sawyer,* for appellant.

*George Barstow,* for appellee.

SHARPE, C. J. In July and August, 1920, defendant entered into contracts, which required filing, with

²Bankruptcy, 7 C. J. § 283; Chattel Mortgages, 11 C. J. § 189; ³Bankruptcy, 7 C. J. § 439.

Peter L'Hote, whereby it sold to him certain machinery and repair parts. Copies of these contracts were filed with the city clerk at Menominee, where L'Hote resided, on September 19, 1921. A copy of one of them was filed in the office of the register of deeds of Menominee county on June 10, 1921, but no affidavit of consideration was attached thereto until October 27, 1921. The machinery and parts were shipped to him from points in Wisconsin and Illinois on orders sent by mail. The purchaser agreed to turn over farmers' notes taken in payment for the articles sold on demand of the seller. In September, 1921, L'Hote was indebted to defendant on these contracts in the sum of $21,115.20. On September 17th he executed a bill of sale to defendant of the machinery and parts then in his hands of the value of $12,028.14, and delivered possession of them to it. During that month the defendant received notes of the persons to whom sales had been made, amounting to the sum of $9,000. On November 18, 1921, an involuntary petition in bankruptcy was filed against L'Hote, and on January 3, 1922, he was adjudged a bankrupt. Plaintiff was duly appointed trustee of his estate. He soon thereafter brought this action to recover the value of the goods, chattels, moneys, and credits received by the defendant from L'Hote. The trial court submitted the matter to the jury, who found for the plaintiff in the sum of $520.35. A judgment was entered thereon. On motion for a new trial, the court was of the opinion that, on the undisputed evidence, this amount should have been $620, set aside the judgment, and entered a new one for that amount. Plaintiff reviews on writ of error.

As to plaintiff's right of recovery the trial court instructed the jury:

*First.* That the plaintiff should be allowed all sums collected by the defendant on the farmers' notes in excess of the amount due it from L'Hote, it being con-

ceded that there was an excess. Plaintiff's claim is that defendant is chargeable with the face value of the uncollected notes. We think not. He could have requested and would doubtless have been given an assignment of those uncollected. But, until the moneys due thereupon are actually received by defendant, we do not think recovery can be had in this action therefor.

*Second.* He instructed the jury to find whether any creditors of L'Hote extended credit to him between the date of the contract, July 20, 1920, and the date it was filed, September 21, 1921, and, if so, to determine the amount thereof and allow the same to plaintiff. Afterwards, and before verdict, he withdrew consideration of this claim from the jury. Counsel suggest, and we think it may fairly be inferred, that after consideration of the holding of this court in *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430, he concluded that plaintiff could not recover therefor.

The only difference between the material facts in this case and those in the *Schuttler Case* is this: In this case possession of the property and a bill of sale thereof, together with the transfer of notes taken on the sale thereof, had been given to the seller two months before the purchaser was adjudged a bankrupt, and in the *Schuttler Case* the seller brought replevin for the wagons sold but a few days before the purchaser was adjudged a bankrupt. It may be noted that the counsel in this case filed briefs in the *Schuttler Case,* in which the question here presented was fully and ably discussed by them. It will serve no useful purpose to restate what was said in that case or to refer to or again quote from the authorities therein referred to. The construction there given to the Federal act leads to the conclusion that the right of the plaintiff to assail the contracts for lack of filing became fixed as of the date when the petition in bankruptcy was filed, and warranted

the action of the trial court in withdrawing this question from the jury.

*Third.* The third claim submitted by the court was based on the insolvency of L'Hote on September 21, 1921, the date the bill of sale was executed. He instructed the jury that if L'Hote was at that time insolvent and defendant, or its agents who dealt with him, either knew or had reasonable cause to believe that he was then insolvent, plaintiff should recover the value of all the notes and securities and the machinery and repair parts turned over to defendant by L'Hote at that time. Some complaint is made as to the language in this instruction, but we do not think it open to criticism. As the jury in answer to a special question found that L'Hote was not at that time insolvent, this claim need not be further considered.

The judgment is affirmed.

BIRD, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.