WILLIAM McMASTER ET AL., TRUSTEES OF THE CANADIAN BANK OF COMMERCE v. JOHN CAMPBELL.

WILLIAM McMASTER ET AL. v. HUGH CAMPBELL.

| 41 | 513 |
|---|---|
| 119 | 6 |
| 41 | 513 |
| 124 | 105 |
| 41 | 513 |
| 152 | [2]398 |

*Fraudulent conveyances made before bankruptcy—Bankrupt's assignee represents creditors.*

After a composition with creditors and the bankrupt's discharge, it is too late for the creditors to claim that a conveyance made by the bankrupt before the bankruptcy, was fraudulent as against them.

Conveyances fraudulent as to creditors are nevertheless good as between grantor and grantee; and as against the creditors themselves they are not void, but only voidable at their option on taking proper proceedings.

41 MICH.—65.

An assignee in bankruptcy, as representative of all the bankrupt's creditors, is the proper person to take proceedings in their behalf to set aside conveyances made by the bankrupt in fraud of their rights; if he refuses, their remedy is by application to the court which appointed the assignee.

A grant by an assignee in bankruptcy of lands previously conveyed by the bankrupt in fraud of creditors, conveys no right to the lands unless it has been judicially determined that the bankrupt's conveyance was fraudulent; without such a determination no title would have vested in the assignee himself; and if he could convey anything, which is doubtful, it would at most be the right to apply for such an adjudication, and to have the fraudulent conveyance set aside.

The title to property mortgaged by a bankrupt remains in him and passes to his assignee; by whom it may be transferred subject to any valid outstanding encumbrance.

If a mortgage is in fact paid, but instead of being discharged is fraudulently assigned with intent to defraud creditors, it is not a valid lien; and those who have received a grant of the property from the mortgager's assignee in bankruptcy, are entitled to have the mortgage declared paid, and the fraudulent assignment adjudged void.

Appeals from Bay. Submitted June 19. Decided Oct. 14.

BILLS TO SET ASIDE CONVEYANCES. The cases were heard below on bill and demurrer and decrees entered dismissing the bills. Complainants appeal.

*Walker & Kent* for complainants. Title to land conveyed in fraud of creditors before bankruptcy vests in the assignee in bankruptcy (U. S. Rev. Stat., § 5046; Bump on Bankruptcy [8th ed.], 519; *In re Wynne*, 4 N. B. Reg., 25) whether it is or is not set down in the schedule, *Jewett v. Preston*, 27 Me., 400; *Holbrook v. Coney*, 25 Ill., 543; rights of action for injury to one's estate are assignable, *Final v. Backus*, 18 Mich., 231; an assignee in bankruptcy can proceed in equity to set aside conveyances made by the bankrupt in fraud of creditors, *Pratt v. Curtis*, 6 N. B. R., 140; *Bradshaw v. Klein*, 1 N. B. R., 542; a purchaser of land conveyed in fraud of creditors, but levied upon and sold by a creditor, can maintain a bill to set aside the fraudulent conveyance,

*Hildreth v. Sands,* 2 Johns. Ch., 35: 14 Johns., 497; *Briggs v. French,* 1 Sumn., 504; *Chautauque Bank v. White,* 2 Seld., 252.

*McDonell & Mann* for defendants. A conveyance in fraud of creditors is only voidable at their option, *Foreman v. Biglow,* U. S. Circ. Ct., 7 Rep., 137; after the beginning of proceedings in bankruptcy, only the assignee can proceed to set aside a fraudulent conveyance made by the bankrupt, *Allen v. Montgomery,* 48 Miss., 101; *Goodwin v. Sharkey,* 3 N. B. R., 558; *Stewart v. Isidor,* 1 N. B. R., 485; a right of action for fraud is not assignable, *Brush v. Sweet.* 38 Mich.,     ; *Carroll v. Potter,* Walk. Ch., 355; Story Eq., § 1040.

MARSTON, J. In each of the above cases complainants come into a court of chancery and ask that certain conveyances of real estate made by one George Campbell to defendants be declared void, because made while the grantor was insolvent; in fraud of his creditors; in violation of the United States bankrupt law; without consideration; and on a secret understanding that the premises should be kept from his creditors; and for his, the grantor's, benefit.

In the first above case it is farther alleged that the bankrupts, prior to and at the time the bankruptcy proceedings were commenced, owned and possessed certain other described lands subject to a certain mortgage thereon; that previous to the commencement of the bankruptcy proceedings, one of said owners "caused said mortgage to be paid in full, but instead of having the same discharged, caused it to be assigned to said defendant without consideration, and with intent to defraud his creditors." This mortgage complainants ask to have declared paid and the assignment thereof declared void.

Demurrers were filed and sustained, and the bills in each case dismissed.

After the bankruptcy proceedings were commenced

certain proceedings were had; an assignee was duly appointed, qualified, "and received a conveyance of the entire estate of said bankrupts as provided by law." Afterwards a composition was effected between the creditors and the bankrupts, which was approved by the court, and the assignee pursuant thereto, executed and delivered to complainants conveyances of all the property and of all the rights of action which he received as assignee.

Under these facts are complainants entitled to the relief prayed for?

*First.* As to the fraudulent conveyances. As between the grantor and grantees the conveyances made were good and passed title to the property. And as to the creditors of the grantor they were not void, but merely voidable at their option; they by proper proceedings could have them set aside, but if no steps were taken by them for such purpose, then undoubtedly the title of the grantees would be and remain indisputable. So soon as proceedings were commenced in bankruptcy, and an assignee appointed and duly qualified, this right passed to him as the representative of all the creditors. Thereafter he and not they could take the proper and necessary legal steps to have all such fraudulent conveyances set aside. If he improperly refused to commence proceedings for such purpose, the remedy of the creditors would be on a proper application to the court which appointed him, for relief. If the assignee did not commence proceedings, clearly after the discharge of the bankrupts the creditors could not come into a State court and obtain any relief in the premises.

Complainants do not base their claim to relief either as creditors or as representing the creditors, but under a grant or assignment from the assignee in bankruptcy. So long as the conveyance from George Campbell stood unquestioned, no title to the property vested in the assignee in bankruptcy. A judicial determination that

the property had been conveyed by the bankrupt in fraud of his creditors was necessary to vest any title in the assignee which he could convey to third parties.    Until this were done, he could but convey a right, if any, which would enable his grantees or assignees to come into court and obtain a title to the premises by having the fraudulent conveyances set aside.

Whether a conveyance of "all the property and all the rights of action which he received as such assignee" would embrace such a right as is claimed in this case might admit of considerable doubt.    If however the assignee could in this way convey property which the bankrupt had, previous to the commencement of proceedings in bankruptcy, conveyed to third parties, it is evident that he could thereby cut and carve out as many actions as there were separate pieces of property, what should properly be disposed of in one proceeding by him, and his grantees might feel disposed in very many cases to commence proceedings to have conveyances set aside as fraudulent, which the assignee had declined to interfere with because in his opinion not open to any such charge.    The evils therefore of recognizing such a right as is claimed in this case might be very great, and no direct authority has been brought to our notice in support of complainant's position.

The cases of *Voorhies v. Frisbie*, 25 Mich., 476, and *Brush v. Sweet*, 38 id.,     , would in any view seem to dispose of the present question against the right of complainants to the relief sought.

*Second.* The other question is different.    The title to the mortgaged property was in the bankrupt at the time proceedings were commenced.    It passed to the assignee, and under his conveyance to the complainants, subject to any valid outstanding encumbrances existing thereon.

If the mortgage was in fact paid, but instead of being discharged, fraudulently assigned as alleged, it is no longer a valid lien upon the property, and complainants are entitled to relief.

The decree in the case against Hugh Campbell must be affirmed with costs, and in the case of John Campbell must be reversed with costs and remanded for farther proceedings in reference to the mortgage referred to.

The other Justices concurred.