## KNIGHT V. GLASSCOCK.

1. FRAUD: *Allegations and proof.*

It is not sufficient to charge in general terms that a conveyance of land to a wife, was made to defraud her husband's creditors. The facts constituting the alleged fraud should be stated. And the charge will not be sustained by proof which merely shows that the husband paid for the land and that he owed at the time a small debt, without establishing other indebtedness.

2. CONVEYANCES: *Uncertain description of land: Reformation of deed.*

Where parties fully execute as they intend and believe, an agreement for the sale of land—on the one part by making and delivering a deed and on the other part, by paying the purchase price, accepting the deed and entering into possession under it, an indefinite and uncertain description of the land, inserted in the deed through a mistake as to the ordinary meaning of the terms used, will not render the contract void. But in such case as against the vendor and subsequent purchasers with notice, an estate in the land intended to be conveyed, will pass to the vendee when the deed is executed, with the right to demand that it be reformed so as to describe the land correctly.

3. SAME: *In fraud of creditors: Husband and wife.*

Although a deed executed by a husband to his wife in fraud of his creditors, may be avoided for their benefit in proper proceedings taken by them for that purpose, it cannot be avoided by the husband; and his subsequent conveyance to the creditors will not divest the wife of her title.

4. PARTIES: *In suit to reform deed.*

In a suit to reform a conveyance of land, the grantor is a necessary party defendant.

APPEAL from *Green* Circuit Court.

T. P. McGOVERN, Special Judge.

*L. L. Mack*, for appellant.

1.   If the deed was void for uncertainty, still it is a memorandum in writing reciting a sale of land for value paid. This with possession is equivalent to a title bond, and imposed upon Hunt the obligation to specifically perform by describing the lands properly.

2.   The return of the deed to Hunt did not reconvey the land, nor release him from reforming.   34 Ark., 503.

3.   Glasscock purchased with notice and takes subject to appellant's equities.   Story Eq. Jur., secs. 785, 788–9, 790.

4.   There is no proof of Ritter's insolvency.   Creditors only can attack a deed in fraud of their rights.

*E. F. Brown*, for appellee.

1.   Recitals in a deed of payment of purchase money is no evidence of the fact of its payment as against third persons.   70 Am. Dec., 137; 45 Ark., 81.

2.   It is patent upon the face of the deed that it is void. 51 Texas, 615; 41 Ark., 497.

3.   In a contest between a wife and a husband's creditors, a natural presumption arises that the husband furnished the means of payment.   46 Ark., 542.

4.   Hunt not being a party, the deed cannot be reformed.

HEMINGWAY, J.

Glasscock, the appellee herein, brought ejectment in the Green circuit court against Aaron Knight, one of the appellants, for the possession of two acres of land.   He claimed title under a deed from R. W. Hunt, dated Dec. 10th, 1883.

Mary Knight, the other appellant, was made a party to

the cause, she claiming to have acquired the land by prior deed from R. W. Hunt.

She and the defendant, who is her husband, filed a joint answer and counter-claim, in which are the following allegations:  That Mary Knight purchased the land in controversy from R. W. Hunt, and took deed dated Feb. 26th, 1883; that by accident or mistake the land was not correctly described in the deed; that she took possession under the deed and had held and occupied the land ever since; that Glasscock purchased with knowledge of her purchase and possession; that she paid Hunt for the land $100, which Glasscock knew also; that he purchased the land with a fraudulent intent to deprive her of it, and his deed was void. They ask that the answer be treated as a counter-claim against plaintiff; that plaintiff's deed be cancelled, and that the deed to Mary E., be so reformed as to describe the lands according to the intent of the parties in making it, and perfect title be vested in her.   They exhibit the deed to Mary E., which is the form of warranty deed in ordinary use in this State; in it the lands are described as situated in Green county and as follows: "One lot or parcel of land commencing at southeast corner of said lot at stake, north 8 (4) chains 86 links to eight mile creek, thence at south-east corner of said lot running west 68 north (4) chains and 50 links to a stake on bank of creek, thence north-east direction with creek to east line, said lot to contain two acres."

To this counter-claim the plaintiff replied, denying that Mary E. purchased the lands described in the complaint, or that she is the owner thereof, or has an interest therein by purchase from Hunt, or that she paid him anything of value in purchase thereof.   He alleges that if there was a pretended purchase by her, it was fraudulently obtained for the pur-

Knight v. Glasscock.

pose of cheating and defrauding the creditors of Chris. Ritter, who was at that time the husband of Mary E., and that no valuable consideration moved from her in said purchase. He denies that Mary E. took possession of the land under a purchase, or that the land was improved or capable of occupancy. He alleges that he is a *bona fide* purchaser for a valuable consideration, and asks that the deed to Mary E. be cancelled.

The cause was never formally transferred to equity, but further proceedings were had as in equity.

The depositions of the several parties, of Hunt, Ritter and other witnesses, were taken and read in evidence at the hearing and without any objection.

The court made special findings of facts, as follows: that the land was purchased and the money paid by Chris. Ritter; that at the request of Chris. Ritter and in order to prevent his creditors from seizing the land, Hunt attempted to convey it to Mary E. who was then the wife of Chris.; that the deed was inoperative because the description of the land was uncertain; that Chris. Ritter afterwards, for value, sold and conveyed the land to Glasscock.

Upon this finding, judgment was rendered for plaintiff, and the counter-claim dismissed; from which judgment the defendants prosecute this appeal.

Mary E. was the wife of Chris. Ritter when the deed was made in February, 1883; they separated some time about ten months afterwards, and she then married Aaron Knight.

It is not denied that the parties intended to describe in the deed to Mary E. the lands described in the deed to Glasscock.

Although the plaintiff charges in his reply that the deed was made to Mary E. with intent to defraud the creditors of

1. FRAUD: Allegations and proof.

Chris. Ritter, the charge is made only in general terms and no facts are alleged as constituting the fraud. It is not alleged that Chris Ritter was then involved financially, or in fact that he was in debt at all; nor that he owned no other property, nor even that the consideration for this purchase came from him.

The proof does show that he paid for the land, and that he owed Glasscock a small debt; but establishes no other indebtedness and fails to make out insolvency. This does not make out a case of fraud.

We are satisfied from the proof that the parties intended to describe in the deed from Hunt to Mary E. the land in controversy; that they considered the terms employed effective for that purpose; that from the time of the execution of this deed until the deed was made to Glasscock, Mary E. was in the actual occupancy of the land; and that Glasscock took his deed with a full knowledge and understanding of these facts. Such being the facts, it must follow, that if the deed to Mary E. possessed any validity, Hunt had parted with his title and could convey nothing by his deed to Glasscock.

2. CONVEY-ANCES: Uncertain description: Reformation of deed. But it is contended by the appellee that the deed to Mary E. was void and wholly inoperative, because the description of the land was indefinite and uncertain.

This position is untenable. The parties had fully executed, as they intended and believed, their agreement to sell on the one part, by making and delivering a deed of conveyance, and to purchase on the other part, by paying the agreed purchase price, accepting the deed and entering into possession under it.

In the case of *Rhodes et al., v. Outcalt et al.*, 48 Mo., 367, a similar contention was made upon a state of facts more

favorable to it.   A mortgagee sought to reform the description in a mortgage, against a subsequent purchaser from the mortgagor, who had no knowledge of the mistake in the description of the mortgaged property, but was held to know facts sufficient to put him upon inquiry.   Judge Currier, speaking for the court, and quoting Judge Dillon, said: "The debtor for a valuable consideration, agreed to execute a mortgage on lands which he owned.   That is, he agreed and undertook, though defectively in the eyes of a court of law, to bind these lands of his, to set them apart, specifically to appropriate them to the plaintiff.   Now, in equity, he did thus bind, appropriate and set them apart.   Therefore, in equity, which deems as done that which the party has agreed to do, the plaintiff had not only a mortgage, but a mortgage on the right land—on the land intended.   In equity, the plaintiff did not, as contended, simply attempt to get a lien, but he actually secured a lien on the parcels designed to be conveyed to him; and not a lien merely, but his rights were such that he is regarded in the decisions of this court, as he would be regarded by the decisions of other courts, in the light of a purchaser.   The debtor was bound in conscience to correct the mistake.   His obligation to correct it was such an equity as would bind his heirs, voluntary grantees or purchasers with notice."   *Welton v. Tizzard*, 15 Iowa, 495; *White v. Wilson*, 6 Blackf., 448; *Stone v. Hale*, 17 Ala., 557; *Burke v. Anderson*, 40 Ga., 535.

Adopting the doctrine of the cases above cited, we think that an estate in the land intended to be conveyed passed to Mary E. when the deed to her was executed, with a right to demand that it be reformed so as to describe the lands correctly.

These views are not in conflict with those expressed by

this court in the case of *Freed v. Brown*, 41 Ark., 495.    In that case it was sought to reform a mortgage by correcting the description of the mortgaged property, which was as follows:  ''A portion of the north-east quarter of section twenty-two in township six, range twenty, containing twenty acres.'' It was contended that the parties understood and agreed that a particular twenty acre tract out of the one hundred and sixty acres described, should be covered by the mortgage; and that they thought this intention might be established by parol evidence.    It was not contended that they believed that the terms employed described or ascertained the particular twenty acres covered by the mortgage; that, they thought, could be supplied whenever it became necessary. It was a clear mistake of the law; here a mistake was made as to  the ordinary meaning of terms used, a mistake of fact. That courts of equity will, under proper circumstances, grant relief against the latter  and  generally refuse  it  against  the former, is a doctrine so well settled that citation to authorities is unnecessary.

It is contended, in the next place, that the deed to Mary E. was made in fraud of the creditors of her then husband. If this be true, they have remedies  adequate  to the redress of their injuries; but they cannot be furnished in this cause. Such remedies are indicated in former decisions of this court. *Apperson v. Burgett*, 33 Ark., 339.

3. SAME:
In fraud of
creditors:
Husband
and wife.

The learned judge of the court below found that the appellee had purchased the land from Chris. Ritter, who treating the deed to his wife as a nullity, directed Hunt to convey to the appellee.    We know of no authority to sustain the position that, where a husband conveys to his wife in fraud of his creditors, he may right the wrong by a conveyance to his creditors, and thus divest the wife of her title.    We are

directed to no such authority. Although such conveyances are said to be void, it is true in the sense only that they will be avoided for the benefit of creditors who take proper proceedings to that end. The husband cannot avoid them. *McMaster v. Campbell*, 41 Mich., 516; Bump Fr. Conv., page 458.

It is further contended that the appellee is a *bona fide* purchaser for value. The evidence does not sustain this contention, but shows that he was fully advised as to the rights of Mary E., the appellant. ·

We are of the opinion that the court below erred. The judgment will be reversed, and judgment rendered in this court in favor of the appellant, Mary E. Knight; the deed from Hunt to Glasscock will be canceled, and he divested of all title in the land.

Hunt was not made a party to the suit; we are therefore 4· Parties. unable to decree the reformation of the deed by him to Mary E., the appellant.