YELLOW MANFG. ACCEPTANCE CORP. *v.* HARRIS.

1. BANKRUPTCY—DEBT EXTINGUISHED BY DISCHARGE.

    Judgment founded on simple debt, *i. e.*, unpaid portion of purchase price of truck, is such liability as is extinguished by discharge of debtor in bankruptcy (1 Fed. Stat. Ann. [2d Ed.] Bankruptcy, § 17).

2. SAME—FRAUDULENT CONVEYANCES—DEBTOR'S RELEASE—JUDGMENT CREDITORS.

    If judgment creditor desired to avoid debtor's release in bankruptcy and to obtain satisfaction in whole or in part of its judgment from property alleged to have been disposed of in fraud of creditors, application should have been made in bankruptcy proceeding to have trustee appointed and prosecution of alleged fraud to end that any and all property so disposed of might become assets of bankrupt estate for benefit of all of such creditors as had been defrauded.

3. SAME—COURT WILL NOT ASSUME THAT THERE ARE NOT OTHER CREDITORS.

    In absence of proof, Supreme Court may not assume that other creditors would not have been entitled the same as plaintiff in judgment creditor's suit to share in assets of which bankrupt is alleged to have made fraudulent disposition.

4. SAME—RIGHT OF BANKRUPT TO HAVE ALL OBLIGATIONS TERMINATED BY DISCHARGE.

    Debtor has right by bankruptcy proceeding to have all his liabilities, aside from those excepted in bankruptcy act, adjudicated and his obligation incident thereto terminated, and judgment creditor may not avoid this result or deprive debtor of this right by ignoring bankruptcy proceeding and thereafter filing judgment creditor's bill.

5. SAME—ISSUES AS TO FRAUDULENT CONVEYANCES DISPOSED OF IN BANKRUPTCY PROCEEDING.

    Bankruptcy act contemplates that all issues presented for adjudication by judgment creditor's bill to reach assets alleged to have been disposed of in fraud of bankrupt's creditors should be disposed of in bankruptcy proceeding (1 Fed. Stat. Ann. [2d Ed.] Bankruptcy, § 70).

6. SAME—TITLE VESTS IN TRUSTEE.

Title to property of which bankrupt has made fraudulent disposition vests in trustee.

7. SAME—WHEN CREDITORS' RIGHTS BARRED BY DISCHARGE.

As to creditors obtaining rights or seeking remedies in other court proceedings instituted within four months prior to filing petition in bankruptcy, jurisdiction of all controverted matters is in bankruptcy court, and therefore rights and remedies of such creditors failing to appear in bankruptcy proceeding on notice are barred by discharge of bankrupt.

Appeal from Wayne; Sprague (Victor D.), J., presiding. Submitted October 5, 1932. (Docket No. 19, Calendar No. 36,638.) Decided January 3, 1933.

Judgment creditor's bill by Yellow Manufacturing Acceptance Corporation, a Delaware corporation, against George A. Harris, doing business as Big Four Cartage Company, and Big Four Cartage Company, a Michigan corporation. Bill dismissed. Plaintiff appeals. Affirmed.

*Dykema, Jones & Wheat,* for plaintiff.

*Kelly, Kelly & Kelly,* for defendants.

NORTH, J. Plaintiff was a judgment creditor of defendant Harris, and after return of execution unsatisfied, it filed a judgment creditor's bill against Harris and the Big Four Cartage Company. Plaintiff claims that while the contract obligation which gave rise to the judgment was outstanding, Harris transferred property valued in excess of $25,000 to the Big Four Cartage Company, which was a family corporation, the stock of which was held by Mr. and Mrs. Harris and their son. This corporation was organized to take over a cartage business theretofore conducted by Mr. Harris. The theory of plain-

tiff's judgment creditor's bill is that Harris transferred his property to the corporation in fraud of plaintiff's rights as a creditor. (3 Comp. Laws 1929, § 13392 *et seq.*) After service of process upon the defendants, Harris instituted voluntary bankruptcy proceedings and was later discharged as a bankrupt without assets. His adjudication as a bankrupt was pleaded in his answer to plaintiff's judgment creditor's bill. Plaintiff was listed as a creditor in the bankruptcy proceeding, but it did not file its claim therein.

The circuit judge who heard the chancery case held that the bankruptcy adjudication terminated plaintiff's claim as a judgment creditor, and entered a decree dismissing plaintiff's bill of complaint. Plaintiff has appealed.

This suit was commenced less than four months prior to the institution of the bankruptcy proceeding. Plaintiff's judgment against Harris was not obtained in an action for fraud or in tort. Instead it was founded upon a simple debt, *i. e.,* the unpaid portion of the purchase price of a truck. Such a liability is extinguished by discharge in bankruptcy. 1 Fed. Stat. Ann. (2d Ed.) Bankruptcy, § 17; 11 USCA, § 35. If plaintiff desired to avoid the bankruptcy release, and to obtain satisfaction in whole or in part of its judgment from property which it asserts Harris had disposed of in fraud of his creditors, application should have been made in the bankruptcy proceeding to have a trustee appointed and prosecution of the alleged fraud to the end that any and all property of which Harris had made such disposition might become assets of the bankrupt estate for the benefit of such creditors as had been defrauded. *Trimble* v. *Woodhead,* 102 U. S. 647.

But plaintiff asserts or at least assumes that it was the only creditor defrauded in the manner alleged and therefore it alone (and not the trustee in bankruptcy) was concerned in the prosecution of this judgment creditor's bill. The record is by no means convincing that plaintiff is the only one of Harris' creditors who was defrauded by the transfer of his property to the corporation. In the absence of proof of the actual fact we cannot assume that other creditors of the business would not have been entitled the same as plaintiff to share in the assets of which Harris is alleged to have made a fraudulent disposition. If there were such other creditors, prosecution of this suit by plaintiff would enable it to secure for its exclusive benefit assets of the bankrupt estate in which other creditors had a right to share. Such a result could not have followed if plaintiff had asserted its claim in the bankruptcy proceeding and the alleged fraudulent disposition of the bankrupt's property had been litigated by the trustee. But entirely aside from the question as to whether there were other creditors of the bankrupt who stood in the same position as plaintiff, Harris had the right by bankruptcy proceeding to have all his liabilities, aside from those excepted in the bankruptcy act, adjudicated and his obligations incident thereto terminated. Plaintiff could not avoid this result or deprive Harris of this right by ignoring the bankruptcy proceeding. When Harris was finally discharged, the situation between him and plaintiff was just the same as though he had paid plaintiff's judgment in full; because this judgment liability was terminated by the discharge in bankruptcy. Thereafter plaintiff had no right to prosecute a judgment creditor's bill because in

fact and law plaintiff was no longer a judgment creditor of Harris.

The bankruptcy act contemplates that all such issues as are presented in this case for adjudication should be disposed of in the bankruptcy proceeding. This seems clear from the following provisions of the bankruptcy act:

"The trustee of the estate of a bankrupt * * * and his successor or successors * * * shall in turn be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, except in so far as it is to property which is exempt, to all * * * (4) property transferred by him in fraud of his creditors." 1 Fed. Stat. Ann. (2d Ed.) Bankruptcy, § 70; 11 USCA, § 110.

"That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate; and thereupon the same may pass to and shall be preserved by the trustee for the benefit of the estate as aforesaid." 1 Fed. Stat. Ann. (2d Ed.) Bankruptcy, § 67f; 11 USCA, § 107f.

A somewhat similar situation was presented to the court in *New River Coal Land Co.* v. *Ruffner Bros.*, 91 C. C. A. 559 (165 Fed. 881), wherein it is said:

"In the case here the whole proceeding in the State court was within four months of the time both

of the filing of the petition in bankruptcy and of the adjudication, and the entire property of the bankrupt was involved in the litigation. The district court, therefore, had the jurisdiction, and the right to assert it, to stay further action by the State court, and if necessary to secure a just and equitable distribution of the bankrupt's estate, to take charge of the property to this end. The powers of the district court in bankruptcy are ample to administer an estate with due regard to priorities or vested liens, and to protect all interests in such estate, whether they be legal or equitable.''

There are numerous decisions to the effect that title to property of which the bankrupt has made a fraudulent disposition vests in the trustee.

''But we have decided at this term, in *Trimble* v. *Woodhead,* 102 U. S. 647, in a case very similar in some of its aspects to this, that the right to bring such an action as this—the right to the property so fraudulently conveyed—is vested in the assignee (now referred to as trustee) alone, and that his failure to sue within the two years allowed by the bankrupt law does not transfer this right of property or right of action to a creditor of the bankrupt.'' *Moyer* v. *Dewey,* 103 U. S. 301.

''The case of *Glenny* v. *Langdon* (98 U. S. 20) conclusively establishes the proposition that the rights (to property fraudulently transferred by the bankrupt) asserted in this bill passed to the assignee in bankruptcy, and that a creditor of Woodhead (the bankrupt) cannot assert them in his own name.'' *Trimble* v. *Woodhead, supra.*

''An adjudication of bankruptcy and the attendant assignment of the bankrupt's effects vest all the debtor's property in the assignee; and creditors, whether secured by lien or not, must pursue the debtor in the bankrupt court for the final adjustment and satisfaction of their claims.'' *Dixon* v. *Dixon* (syllabus), 81 N. C. 323.

Many other authorities might be quoted which are quite decisive of the rights of the respective parties under circumstances such as are here presented. Particularly upon the proposition that as to creditors obtaining rights or seeking remedies in other court proceedings instituted within four months prior to filing the petition in bankruptcy, jurisdiction of all controverted matters is in the bankruptcy court. If upon notice such creditors fail to appear in the bankruptcy proceeding, their rights and remedies are barred by the discharge of the bankrupt. Such was the holding of the circuit judge in the instant case. His decree dismissing plaintiff's bill of complaint is affirmed, with costs to appellees.

McDONALD, C. J., and CLARK, POTTER, SHARPE. FEAD, WIEST, and BUTZEL, JJ., concurred.