UNION GUARDIAN TRUST CO. *v.* DETROIT CREAMERY CO.

1. BANKRUPTCY—STATUTES.
   Federal bankruptcy act is superior to all State laws on the subject (11 USCA).

2. SAME—RIGHTS OF TRUSTEE AS JUDGMENT CREDITOR—FRAUDULENT CONVEYANCES.
   Rights of trustee in bankruptcy, as a judgment creditor holding an execution duly returned unsatisfied, are governed by law of State in which bankrupt did business and, therefore, in this State he may avoid conveyance in fraud of creditors (11 USCA, § 75a[2]).

3. SAME—TRUSTEE—PARTIES—BULK MORTGAGES—FORECLOSURE SALE—NOTICE TO CREDITORS.
   Trustee in bankruptcy, being authorized to avoid transfers subject to avoidance by any creditor, and hands of creditors being stayed by bankruptcy proceedings, is proper party to bring suit to recover proceedings of chattel mortgage foreclosure sale of drug store stock and fixtures held before bankruptcy where statutory notice of such mortgage had not been given to all creditors (11 USCA, §§ 75a[2], 110e; 2 Comp. Laws 1929, §§ 9548, 9549).

Appeal from Wayne; Miller (Guy A.), J. Submitted October 4, 1933. (Docket No. 56, Calendar No. 37,397.) Decided December 29, 1933. Rehearing denied January 30, 1934.

Bill by Union Guardian Trust Company, a Michigan corporation, as trustee in bankruptcy of Jennie E. Goodwill against Detroit Creamery Company to avoid a chattel mortgage and recover proceeds of foreclosure sale. Bill dismissed. Plaintiff appeals. Reversed and decree ordered entered for plaintiff.

*Frederick B. Darden* (*Kenneth E. Raine,* of counsel), for plaintiff.

*Benjamin B. Gordon,* for defendant.

BUTZEL, J.   The plaintiff, as trustee in bankruptcy, brought this suit to recover of the defendant the proceeds from the sale of property under a chattel mortgage claimed to be void as to creditors, because given without the notice required by the bulk mortgage statute (2 Comp. Laws 1929, §§ 9548, 9549).

Jennie E. Goodwill owned two drug stores, one on Harper avenue in the city of Detroit and one in Hamtramck, Michigan.   On November 14, 1930, she borrowed $3,000 from the defendant and gave as security therefor a chattel mortgage on the stock and fixtures of the Harper avenue store in the city of Detroit.   Her husband, Frank Goodwill, joined in the mortgage, but it is conceded he had no interest in the property.   She did not furnish the mortgagee with a complete list of her creditors, as required by 3 Comp. Laws 1929, § 9548, but gave a partial list consisting only of merchandise creditors of the Harper avenue store.   It is her claim the defendant told her that a list of creditors of that store would be sufficient.

On August 26, 1931, the defendant took possession of the mortgaged property and sold it at public sale for $1,250.   On September 2, 1931, an involuntary petition in bankruptcy was filed against Jennie Goodwill, the mortgagor.   She was adjudicated a bankrupt and the plaintiff was appointed trustee of the bankrupt estate.

The trustee filed this bill to recover the proceeds of the mortgage sale on the theory that as the mort-

gage was taken in violation of the bulk mortgage statute it was at law in fraud of creditors and was void as to them; and that the plaintiff as trustee having succeeded to all the rights and remedies of the creditors could maintain this suit in equity to avoid the mortgage or to recover the proceeds from the sale of the property.

In defense the defendant contended that the plaintiff could not maintain the suit for two reasons: first, because there was a sufficient compliance with the bulk mortgage statute and, therefore, the mortgage was not void as to creditors and, second, if the mortgage were void as to creditors, there can be no recovery because they took no action to avoid it and establish a lien on the mortgaged property prior to the bankruptcy proceedings and the taking possession by the mortgagee; and thereby lost their right to a lien or to recover the proceeds from the foreclosure sale.

At the hearing the trial court found that there had not been a sufficient compliance with the statute as to notice; that, therefore, the mortgage was void as, to those creditors; but adopted defendant's theory as to the plaintiff's right to maintain the suit, and accordingly entered a decree dismissing the bill from which the plaintiff has appealed.

The decree should be reversed. The trial judge held correctly that defendant knew that the list of creditors was incomplete, and that the only testimony in the case as to the value of the mortgaged property established it as $1,250.

It is claimed, however, that under authority of *Peter Schuttler Co.* v. *Gunther,* 222 Mich. 430, a trustee may not attack the possession of a mortgagee, when no creditor, other than defendant mortgagee, secured a lien on the mortgaged prop-

erty prior to the bankruptcy adjudication. The opinion in *Peter Schuttler Co.* v. *Gunther, supra,* concerns itself largely with cases decided under the bankruptcy act as it stood prior to the 1910 amendments. See *Detroit Trust Co.* v. *Pontiac Savings Bank,* 115 C. C. A. 663 (196 Fed. 29), subsequently affirmed in 237 U. S. 186 (35 Sup. Ct. 509); *Peter Schuttler Co.* v. *Gunther, supra,* does also refer to the 1910 amendment to the act. It was held, however, that inasmuch as the mortgagee obtained possession of the chattels pending the outcome of his replevin suit, and this possession was acquired prior to the filing of the petition in bankruptcy, his interest was protected against creditors, even though the mortgage was incorrectly recorded as a conditional sales agreement. See *Bailey* v. *Baker Ice Machine Co.,* 239 U. S. 268, 275 (36 Sup. Ct. 50).

The sections of the Federal bankruptcy act pertinent to the present issues are set forth in the margin.* The italicized portion of section 47 (July 1, 1898, chap. 541, 30 Stat. at L. 544 [11 USCA, § 75 *et seq.*]) was added by the 1910 amendment to the act.

---

* ''Sec. 47. Duties of trustees, a. Trustees shall respectively * * * (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court, and close up the estate as expeditiously as is compatible with the best interest of the parties in interest; *and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied.* (11 USCA, § 75.)

''Sec. 70 * * * e. The trustee may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and may recover the property so transferred, or its value, from the person to whom it was transferred, unless he was a *bona fide* holder for value prior to the date of the adjudication. Such property may be recovered or its value collected from whoever may have received it, except a *bona fide* holder for value.'' (11 USCA, § 110.)

The instant case must be decided in accordance with the provisions of the bankruptcy act (11 USCA). It is superior to all State laws upon the subject. *Globe Bank and Trust Co.* v. *Martin,* 236 U. S. 288, 298 (35 Sup. Ct. 377); *Moore* v. *Bay,* 284 U. S. 4 (52 Sup. Ct. 3, 76 A. L. R. 1198). The trustee, armed with the rights of a judgment creditor holding an execution duly returned unsatisfied, may maintain a suit against one who has purchased a stock of goods without complying with the bulk sales act (2 Comp. Laws 1929, § 9545 *et seq.*); *Gross* v. *Grossman,* 2 Fed. (2d) 458; *Brown* v. *Kossove,* 167 C. C. A. 134 (255 Fed. 806). Also, see, *Yellow Manfg. Acceptance Corp.* v. *Harris,* 261 Mich. 194; *Timmer* v. *Crimmins,* 262 Mich. 314. His rights as a judgment creditor are governed by the law of the State in which the bankrupt did business. *Lewin* v. *Telluride Iron Works Co.,* 272 Fed. 590. In Michigan, a judgment creditor may attack a conveyance in fraud of creditors. *Comstock* v. *Horton,* 235 Mich. 282; *Gillen* v. *Wakefield State Bank,* 246 Mich. 158.

The bulk mortgage act (2 Comp. Laws 1929, § 9548 *et seq.*) is so similar to the bulk sales act in its aims and purposes that decisions construing the latter are applicable to the former, insofar as the issues in the present case are concerned. The prevention of fraud and the protection of creditors are the chief aims of the bulk sales act. *Patmos* v. *Grand Rapids Dairy Co.,* 243 Mich. 417.

The question is raised whether the trustee may act when it is to the interest of only a part of the creditors to complain. Section 70e of the bankruptcy act (11 USCA § 110) authorizes the trustee to attack transfers that were subject to avoidance by any creditor prior to the filing of the petition.

The hands of the creditors have been stayed by the bankruptcy proceedings. The trustee became the proper person to begin the instant suit. Such is the intent of the 1910 amendment to section 47a (2) of the act (11 USCA, § 75). 1 Collier on Bankruptcy (12th Ed.), 729; *Pacific State Bank* v. *Coats,* 123 C. C. A. 634 (205 Fed. 618, Ann. Cas. 1913 E, 846).

The decree dismissing the bill is reversed. One will be entered in favor of plaintiff, directing defendant to pay to it the sum of $1,250, and the costs of both courts.

WEADOCK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred with BUTZEL, J.

McDONALD, C. J. Reluctantly I concur in the result.