MORRIS v WOLFE

1. FRAUDULENT CONVEYANCES—INSOLVENCY—TENANCY BY ENTIRETIES.

A debtor has committed a fraud upon his creditors where the
debtor places funds or property in an entireties estate without
a fair consideration while insolvent or where the transfer
would render the debtor insolvent, and the property may be
attached and sold to satisfy liens filed against the property
(MCLA 566.14).

2. FRAUDULENT CONVEYANCES—TENANCY BY ENTIRETIES—PLEADING—
   COURT RULES.

Failure of plaintiff's complaint, in an action to set aside a convey-
ance of entireties property from a debtor husband to his wife as
a fraud upon creditors, to allege that the husband had en-
hanced the value of the entireties as a fraud upon creditors did
not entitle the defendants to an accelerated judgment where
the pleaded facts gave the defendant sufficient notice ade-
quately to defend against plaintiff's cause of action (GCR 1963,
111).

3. BANKRUPTCY—DISCHARGE—PERSONAL LIABILITY—LIENS.

A discharge in bankruptcy is personal in nature and releases
only the bankrupt's personal liability but does not dispose of a
valid lien not avoided by the bankruptcy act.

4. BANKRUPTCY—DISCHARGE—LIENS.

A lien creditor may pursue attached collateral in a state court
subsequent to the debtor's discharge in bankruptcy.

5. BANKRUPTCY—DISCHARGE—LIEN CREDITOR—FRAUDULENT CONVEY-
   ANCES.

A secured party's lien, which attached more than four months

REFERENCES FOR POINTS IN HEADNOTES

[1] 37 Am Jur 2d, Fraudulent Conveyances §§ 62–64.
   Use of debtor's individual funds or property for acquisition, im-
   provement of, or discharge of liens on, property held in estate by
   entireties as a fraud upon creditors. 7 ALR2d 1104.
[2] 37 Am Jur 2d, Fraudulent Conveyances § 213.
[3] 9 Am Jur 2d, Bankruptcy § 676 *et seq.*
[4, 5] 9 Am Jur 2d, Bankruptcy § 759 *et seq.*

before the filing of a petition in bankruptcy, survived the discharge, and the creditor's attempt to enforce the lien by establishing the existence of a fraudulent conveyance should not be thwarted; therefore, an accelerated judgment against the lien creditor in a suit to enforce the lien was error.

Appeal from Hillsdale, Kenneth G. Prettie, J. Submitted Division 2 March 12, 1973, at Lansing. (Docket No. 13886.) Decided June 26, 1973.

Complaint by Harold Morris against John C. Wolfe and Hattie M. Wolfe to enforce a judgment lien on real property. Accelerated judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Clay T. Brockman,* for plaintiff.

*Rogers & Weatherwax* and *Katcher, Feldman & Wienner,* for defendants.

Before: QUINN, P. J., and BRONSON and VAN VALKENBURG,* JJ.

BRONSON, J. Plaintiff appeals from an entry of accelerated judgment for defendants raising several related issues, which are integrated to clarify what we find to be the following issue of first impression:

Can a judgment lien creditor, subsequent to the debtor's discharge in bankruptcy, maintain a state action to set aside an allegedly fraudulent conveyance of property to which the lien is attached?

The protracted factual background began when plaintiff received a workmen's compensation award of $12,524.04 on January 28, 1963. The

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

award was affirmed by the Workmen's Compensation Appeal Board in August, 1965 and a partial summary judgment for this amount was entered against defendant husband in February, 1967. Execution upon this judgment was issued on December 31, 1969, and notice of levy was recorded on March 4, 1970, against property originally held by defendants as tenants by the entireties but transferred to the wife individually on September 23, 1966, by quitclaim deed. Pursuant to this procedure, plaintiff obtained a lien against the property in question.[1]

Defendant husband subsequently filed a petition in bankruptcy and was discharged thereon by the District Court for the Eastern District of Michigan on August 17, 1971. Thereafter plaintiff filed a petition with the bankruptcy court to determine the dischargeability of the husband's indebtedness to him. The bankruptcy referee dismissed plaintiff's petition, finding the debt duly discharged, and plaintiff sought relief in the Hillsdale County Circuit Court. In this proceeding the husband interposed his defense of being discharged in bankruptcy. After carefully considering the parties' arguments in his written opinion, the trial judge granted defendants' request for accelerated judgment, thereby setting the stage for the instant appeal.

Title to the property at issue presently resides in defendant wife individually. Plaintiff seeks to subject this property to his lien by alleging that it was placed beyond the reach of the husband's creditors in violation of the Uniform Fraudulent Conveyance Act.[2] A number of analytical steps are necessary to the systematic appraisal of this allegation.

---

[1] MCLA 600.6051; MSA 27A.6051.

[2] MCLA 566.11 *et seq.;* MSA 26.881 *et seq.*

The transfer of the property from the tenancy by the entireties to defendant wife individually must be set aside as a fraudulent conveyance. MCLA 566.221; MSA 26.971. If such fraud is proved, the title of such property reverts to a tenancy by the entireties subject to the general rule that such property "cannot be sold upon execution on a judgment rendered against either the husband or wife, because neither has any separate interest in such an estate". *Sanford v Bertrau,* 204 Mich 244, 249; 169 NW 880, 882 (1918).[3] This general rule is not without exception. Where the debtor places funds or property in an entireties estate while insolvent or the transfer would render the debtor insolvent, he has committed a fraud upon his creditors and the property may be attached and sold to satisfy liens filed against the property. MCLA 566.14; MSA 26.884; *McCaslin v Schouten,* 294 Mich 180; 292 NW 696 (1940); *Dunn v Minnema,* 323 Mich 687; 36 NW2d 182 (1949); *Glazer v Beer,* 343 Mich 495; 72 NW2d 141 (1955).

Defendants have offered a formidable challenge to plaintiff's attempt to negotiate each of these analytical steps. Defendants argue that plaintiff's attack upon the conveyance positing title in defendant's wife as fraudulent for inadequate consideration, if successful, merely returns the property to the entireties estate, not subject to levy.[4] The trial judge accepted this argument and relied upon its supportive case law as the basis for granting accelerated judgment. In this appeal, defendants seek to suspend plaintiff at this intermediate ana-

---

[3] *Cf. Battjes Fuel & Building Material Co v Milanowski,* 236 Mich 622; 211 NW 27 (1926); *American State Trust Co of Detroit v Rosenthal,* 255 Mich 157; 237 NW 534 (1931); *Bankers Trust Co of Detroit v Humber,* 264 Mich 71; 249 NW 454 (1933); *Papp v Brownlee,* 361 Mich 501; 105 NW2d 430 (1960).

[4] *See, e.g., Farrell v Paulus,* 309 Mich 441; 15 NW2d 700 (1944).

lytical stage and deny him the cited exception on the procedural grounds that plaintiff's complaint contains no allegation that the husband enhanced the value of the entireties as a fraud upon his creditors.

After reviewing the pleadings we find this secondary allegation without merit. The committee note to GCR 1963, 111 states that: "no pleading shall be deemed insufficient if it reasonably informs the adverse party of the nature of the cause he is called upon to defend".[5] Consistent with the underlying policy consideration of the rules, we find that the pleaded facts gave defendants sufficient notice to adequately defend against plaintiff's cause of action. We conclude that the issue of whether the entireties property could be attached for the husband's violation of the Uniform Fraudulent Conveyance Act was squarely before the trial court. It is in this context that the following issue of first impression is presented:

Can a judgment lien creditor, subsequent to the debtor's discharge in bankruptcy, maintain a state cause of action to set aside an allegedly fraudulent conveyance of property to which the lien is attached?

Simply stated, the question is one of who is the proper party to maintain the action to set aside the allegedly fraudulent conveyance, the trustee in bankruptcy or the lien creditor?

Defense counsel ably argues that the power to attack the subject property as a fraud upon the creditors resides exclusively in the trustee in bankruptcy unless unequivocally abandoned. The analysis supporting this contention begins with § 70 of

[5] 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 191.

the bankruptcy act[6] which places the title of all the debtor's property in the trustee, including property transferred by the debtor in fraud of his creditors. The trustee in bankruptcy succeeds to all the creditors' rights pursuant to § 70 and is granted the power to attack fraudulent conveyances by § 67d of the act.[7] Unless the trustee expressly abandons the property, the creditor is precluded from maintaining a state action · *following a discharge in bankruptcy* to set aside a fraudulent conveyance. *Dunn v Minnema, supra,* is evidence that the trustee is the proper party to maintain such an action. Not finding an express abandonment of the instant property by the trustee, plaintiff had two remedies in the bankruptcy proceedings: (1) seek a court order authorizing the creditor to sue in the name of the trustee and (2) if denied, seek a court order compelling the trustee to pursue the challenged assets. Failing to do either, plaintiff is bound by the discharge in bankruptcy. Defendants' analysis, if adopted, would place resolution upon the issue of abandonment.

We find it unnecessary to decide this issue, believing that this analysis applies to an unsecured creditor but not a secured creditor possessing rights independent of bankruptcy. It is funda-

---

[6] 11 USC 110. *See,* 1 Collier, Bankruptcy (14th ed), § 2.62, p 329, in which it is stated:

"The filing of the bankruptcy petition establishes the custodianship of the bankruptcy court over all property in the actual or constructive possession of the bankrupt at the time. Any subsequent *in rem* action commenced as to that property may therefore be regarded as an interference with the orderly procedure of the bankruptcy proceeding and enjoinable."

*See, also, McMaster v Campbell,* 41 Mich 513; 2 NW 836 (1879); *Yellow Manufacturing Acceptance Corp v Harris,* 261 Mich 194; 246 NW 76 (1933); *Union Guardian Trust Co v Detroit Creamery Co,* 265 Mich 636; 251 NW 797 (1933).

[7] 11 USC 107.

mental that a discharge in bankruptcy is personal in nature and releases only the bankrupt's personal liability.[8] This discharge affects the underlying debts of secured and unsecured creditors alike but does not dispose of a valid lien not avoided by the bankruptcy act. For this reason, we conclude that a lien creditor may pursue the attached collateral in a state court subsequent to the debtor's discharge in bankruptcy.

The proceedings before the bankruptcy referee with regard to the non-dischargeability of plaintiff's claim discloses the referee's acknowledgment of plaintiff's non-bankruptcy remedy. Although the referee found that none of the exceptions to dischargeability found in § 17 of the act preserved the challenged debt, he made the following remarks pertaining to the scope of the order entered:

"I will grant the motion to dismiss subject, to your right to proceed in any other way or in any other court or under the bankruptcy act or outside the bankruptcy act if you have a valid cause of action.

\* \* \*

"[B]y this order I do not in any way indicate that the creditor is deprived of any other remedies he may have had. \* \* \* I indicated by this order, I didn't preclude *you from attempting to establish any right you may have on the bankrupt's property by reason of some lien you had by the bankrupt.*" (Emphasis added.)

Plaintiff's subsequent non-bankruptcy suit, sanctioned by the bankruptcy referee, is supported by our review of relevant case law. In *Metcalf v Barker,* 187 US 165; 23 S Ct 67; 47 L Ed 122 (1902), the United States Supreme Court was confronted with the Federal court's attempt to enjoin state court proceedings commenced by the debtor's

---

[8] *See, e.g.,* 1A Collier, Bankruptcy, § 17.29, pp 1742.5–1742.10.

judgment creditors. Upon reviewing the language of § 67(f), the *Metcalf* Court stated:

"In our opinion the conclusion to be drawn from this language is that it is the lien created by the levy, or a judgment, or an attachment, or otherwise, that is invalidated, and that *where the lien is obtained more than four months prior to the filing of the petition, it is not only not to be deemed null and void on adjudication, but its validity is recognized.* When it is obtained within four months the property is discharged therefrom, but not otherwise. *A judgment or decree in enforcement of an otherwise valid pre-existing lien is not the judgment denounced by the statute,* which is plainly confined to judgments creating liens. If this were not so the date of the acquisition of a lien by attachment or creditors' bill would be entirely immaterial." 186 US at 174; 23 S Ct at 71; 47 L Ed at 126–127. (Emphasis added.)

We find instructive the Supreme Court's conclusion that liens obtained more than four months prior to the filing of the petition survive the subsequent discharge in bankruptcy. Although plaintiff, unlike the creditors in *Metcalf*, seeks to enforce his pre-existing lien subsequent to the discharge in bankruptcy, this fact cannot alter either the character or validity of such liens.

The specific problem regarding the institution of suit in a state court by a secured party was considered by the Court in *Avco Finance Co v Erickson,* 132 Ill App 2d 868; 270 NE2d 111 (1971). Subsequent to the debtor's discharge in bankruptcy, the finance company attempted to secure possession of the collateral given for its loan. Not being able to locate a portion of the collateral, the creditor instituted suit for an alleged conversion of a boat and motor. The *Erickson* Court answered the trial court's dismissal of this suit upon the basis of the discharge in bankruptcy by stating:

"The trial court has taken an unnecessarily narrow view of its own powers in the area of bankruptcy matters. The granting of a discharge in bankruptcy is the function of the bankruptcy court alone but the effect of the discharge can be determined by any court where it is properly raised." (Citations omitted.) 132 Ill App 2d at 870; 270 NE2d at 112.

Since the discharge, being personal to the bankrupt, does not act as a release of liens or security interests in the property owned by him, this Court concluded:

"Accordingly, a creditor holding a security interest need not proceed in bankruptcy court *but may rely on his security and enforce his rights against it in any court of competent jurisdiction.*" (Emphasis added.) 132 Ill App 2d at 870; 270 NE2d at 112.

This proposition that a lien survives a discharge in bankruptcy has received recognition in analogous cases. In *Davis v Polk Financial Service,* 242 Miss 419; 135 S2d 175 (1961), the Court permitted creditors to continue an action to set aside the debtor's allegedly fraudulent conveyance and subject the property to outstanding judgment liens which were instituted but not completed before the creditor secured a discharge in bankruptcy. Finding the enunciated proposition similarly controlling, the Court in *Pruellage v De Seaton Corp,* 407 SW2d 36 (Mo App, 1966), permitted creditors to revive judgment liens which had expired at the time the debtor was discharged in bankruptcy for enforcement purposes. Significant to this Court's decision was the fact that the property had not been scheduled and included in the estate before the bankruptcy court.

Our review of the relevant bankruptcy principles discloses a distinction between the respective

rights of secured and unsecured creditors to attack alleged fraudulent conveyances by the debtor.[9] While the debt of each is discharged in bankruptcy, the secured party's lien, which attaches more than four months before the filing of a petition in bankruptcy, survives the discharge. The subsequent enforcement of such a lien against the attached property is consistent with these fundamental bankruptcy principles. The creditor's attempt to enforce a lien by establishing the existence of a fraudulent conveyance dispelling the exempt status of entireties property should not be thwarted. Since the property at issue was not subject to the bankruptcy proceedings, defendants are not injured by our recognition that valid pre-existing liens survive a discharge in bankruptcy. Accordingly, the entry of accelerated judgment is reversed and the case remanded for trial.

Reversed and remanded. Costs to plaintiff.

All concurred.

---

[9] *See, generally,* cases collected in Anno, 158 ALR 1274. *See, McMaster v Campbell, supra,* and *Yellow Manufacturing Acceptance Corp v Harris, supra,* as cases representing the status of unsecured creditors.